Curtis, Ch. J. (dissenting).
The defendant’s claim for damages, alleged to have been sustained in consequence of the temporary injunction granted to the plaintiff herein, is based upon that provision in section 222 of the Code, securing such damages to the defendant, “as he may sustain by reason of the injunction, if the court shall finally decide that the plaintiff was not entitled thereto.”
So far as the temporary injunction is concerned, and it is the only one granted in the action, the decision of the court at the special term held, that the plain *368 tiff was entitled to it; and this decision was substantially affirmed on appeal at the general term. There is no other decision by the court in respect to it. Unless the parties, by their own action, have placed the right of the plaintiff upon a different footing, it is difficult to see how the court has finally decided that the plaintiff was not entitled to it.
The only action of the parties affecting the injunction, appears in a stipulation subscribed by their respective attorneys, April 24, 1874, in these words,‘‘ On payment of $100 costs to the defendant, we hereby consent to the discontinuance of the above entitled action without costs, and that an order may be entered to that effect.”
Upon the payment to the defendant of the $100 costs, and the reading and filing of this stipulation of the parties, the court ordered the action to be discontinued.
In November, 1876, this application for an order of reference to ascertain damages by reason of the injunction was made.
By this discontinuance, the injunction with the consent of both parties ceased to be operative. The discontinuance was not the sequence of any decision or act of the court, but the carrying out simply of an agreement or bargain between the parties, that such an order should be made on the payment to the defendant of a certain sum of money, which was then paid to him by the plaintiff.
N one of the cases referred to upon the argument, disclose this state of facts, in the discontinuance of an action, or indicate that such a contract of the parties inter sese, is to be construed into, or is tantamount to, a final decision by the court, adversely to the plaintiff’ s right to an injunction.
If the defendant had wished to protect any claim for damages by reason of the injunction, he should *369 have been careful not to have waived the condition in section 222 of the Code. The defendant was not required to sign any agreement as to terms and discontinuance, but having voluntarily done so,- there is an embarrassment in discerning how his own act in discontinuing the suit, and rendering the injunction inoperative, can be viewed as the decision of the court, that the plaintiff was not entitled to the injunction.
It is true, that the demand is somewhat stale, and made against a public officer, long after his retirement from his official position ; but those are features which I have not considered.
The order appealed from should be reversed with costs.